UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMILY EVANS, LINDA EVANS, as Attorney-In-Fact for EMILY EVANS <br><br> Plaintiffs, <br><br> v. <br><br> 210 EAST PEARSON CONDOMINIUM ASSOCIATION AND PRAIRIE SHORES PROPERTY MANAGEMENT LLC, <br><br> Defendants. | Case No. 21-CV-03941 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM ORDER AND OPINION**

Plaintiff Emily Evans filed a four-count complaint against defendants 210 East Pearson Condominium Association (the "Association") and Prairie Shores Property Management LLC (collectively, the "defendants"), alleging a failure to accommodate and hostile housing environment under the Fair Housing Act 42 U.S.C. §§ 3601 *et seq.* ("FHA") and the Illinois Human Rights Act, 775 ILCS 5/ *et seq.* ("IHRA"). Defendants have moved to dismiss all counts under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons outlined below, the Court grants without prejudice defendants' motion [52] with respects to Counts II and IV and denies the motion with respect to Counts I and III.

**Background**

For the purposes of evaluating defendants' motion to dismiss, the Court accepts the following facts as true. Emily Evans resided, until recently, in a condominium unit owned and operated by defendants. Ms. Evans is physically and mentally disabled, and has received medical treatment for her disabilities for over a decade. Like other condominium residents, Ms. Evans orders packages, occasionally including critical items like medication, to be delivered to the building.

Plaintiff's disabilities prevent her from going to the lobby to retrieve these packages. Plaintiff alleges that defendant administers a service whereby defendants' employees deliver such packages directly to residents' doors. Defendants refused to provide this service to plaintiff. As a result, plaintiff had to rely on friends or paid "tasker[s]" to retrieve packages from the lobby and bring them to her apartment. (Dkt. 51, ¶ 18.) Defendants then refused to allow paid, outside delivery persons to deliver items directly to plaintiff. Plaintiff requested that defendants provide her with the same package delivery service alleged to be provided to other residents, and defendants refused.

On April 22, 2021, defendants sent a Notice of Violation and Termination to plaintiff. (Dkt. 51-1, at 62). The letter explained that, most recently, Ms. Evans had called the police and reported that her packages had been stolen after defendants declined to have doorstaff deliver her packages. It also accused her of having "repeatedly engaged in very disruptive and dangerous behavior" including screaming and yelling in the lobby, making threats against a property manager, and screaming in her unit and slamming her door loudly. *Id.* On May 1, 2021, Ms. Evans was involuntarily committed to Madden State Hospital where she was placed on a 72-hour hold. Ms. Evans alleges that defendants, or some agent of defendants, "sought to have [her] involuntarily committed." (Dkt. 51, ¶ 25).

On July 12, 2021, Ms. Evans' attorneys submitted a formal request for a Reasonable Accommodation supported by a letter from her physician, Dr. Bank. The letter requests that defendants deliver packages, items, and groceries to plaintiff's door as they do for other residents. (Dkt. 51-1.) The next day, defendants filed a Complaint for Injunctive Relief and Judicial Sale against plaintiff in Cook County Circuit Court, alleging that plaintiff had violated the Condominium governing documents and committed "repeated nuisance activity." (Dkt. 51-1, at 14.) The state court complaint alleges that Ms. Evans threatened the property manager, submitted false reports to

2

the police of package thefts, created loud disturbances in the middle of the night, and used profane language in the building lobby.

On July 20, 2021, defendants again refused to deliver a package containing medicine from the lobby to Ms. Evans' apartment. Ms. Evans attempted to retrieve the package herself, but temporarily lost consciousness in the elevator while trying to do so. Ms. Evans' physician then called the police to request a wellness check for Ms. Evans; during the course of this check, defendants opened the door to Ms. Evans' apartment to the Chicago Police. Plaintiff then battered a Chicago Police Officer, and was subsequently taken to the emergency room at Northwestern Hospital. After this incident, defendants then circulated to other residents a letter explaining that Ms. Evans had experienced a "medical/psychiatric crisis," had strangled her cat and assaulted a police officer, and been taken into custody. (Dkt. 51-4, at 66). The letter went on to explain that the Association had initiated judicial proceedings against Ms. Evans.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Threadbare recitals of the elements of a cause of action and allegations that are merely legal conclusions are not sufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Lastly, the burden rests with the moving party to establish the insufficiency of the complaint. Although defendants correctly point out that arguments "unsupported by legal authority" are waived, plaintiff's poorly-cited opposition brief does not alone support dismissal of their complaint. *Schaefer v. Universal Scaffolding & Equipment, LLC*, 839 F.3d 599, 607 (7th Cir. 2016). At the motion to dismiss stage, the burden lies with the moving party to establish the insufficiency of the complaint's allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

**Discussion**

Ms. Evans' complaint has four Counts. Count I alleges that defendants violated provisions of the FHA by failing to grant her a reasonable accommodation to allow her to receive package deliveries at her apartment. 42 U.S.C. § 3604(f)(3)(B). Count II alleges that defendants interfered with Ms. Evans' enjoyment of her condominium unit on account of a right protected under the FHA. 42 U.S.C. § 3617. Count III alleges that defendants altered the terms of a housing agreement because of a person's disability in violation of the IHRA. 775 ILCS 5/3-102.1(B). Count IV makes similar allegations as Count II under the IHRA, further alleging that defendants "forced" plaintiff to undergo a mental health hold in order to provide them with a justification for their state court action. 775 ILCS 5/3-105.1.

Defendants raise three arguments in support of their motion to dismiss. First, they argue that Counts I and III should be dismissed because the claims are not ripe. Second, they say that Counts II and IV should be dismissed because plaintiff has failed to establish that defendants retaliated or intentionally discriminated against her. And third, defendants argue that in the case Count I is allowed to proceed, plaintiff's request for the Court to order defendants to cease and desist state court proceedings should be stricken. The Court will assess each argument in turn. Because Illinois courts look to the FHA in interpreting the IHRA, the court will consider claims under both laws to be subject to the same analysis. *See Stevens v. Hollywood Towers & Condo. Ass'n*, 836

4

F. Supp. 2d 800, 808 (N.D. Ill. 2011) (Leinenweber, J.); *Norville v. Dep't of Human Rights*, 341 Ill.App.3d 260, 275 Ill.Dec. 350, 792 N.E.2d 825, 827 (2003).

I. <u>Ripeness</u>

Defendant alleges that Counts I and III should be dismissed under Rule 12(b)(1) because the claims are not yet ripe. This argument fails. Ripeness relates to timing, and whether a particular claim is timed appropriately for judicial intervention. *Renne v. Geary*, 501 U.S. 312, 320 (1991). Ripeness analysis has two prongs: "the fitness of the issues for judicial decision" and "the hardship to the parties of withholding court consideration." *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983). In other words, ripeness concerns whether courts have enough facts at their disposal to adjudicate a claim, or must wait until some point in the future when more facts become available.

Defendants assert that because they began litigation to force the judicial sale the day after plaintiff's attorney's July 12 reasonable accommodation letter, they did not deny plaintiff's request for a reasonable accommodation because they simply did not have time to review it. Defendants argue that because they did not actually make a decision on plaintiff's reasonable accommodation request, and because plaintiff no longer resides in her unit, all of plaintiff's claims regarding denial of her request are not ripe. It is true that if defendants in FHA failure to accommodate claims must have an opportunity to review reasonable accommodation requests under their own internal procedures; if they do not, then plaintiff's claim is not ripe. *See United States v. Vill. of Palatine, Ill.*, 37 F.3d 1230, 1234 (7th Cir. 1994). Here, however, defendants had sufficient time to review plaintiff's request for a reasonable accommodation before they initiated a state court action on July 13.

Plaintiff has alleged sufficient facts to establish that she submitted a request for a reasonable accommodation to defendants prior to July 12. Courts evaluate failure to accommodate claims under the Fair Housing Act in the same manner as under the Americans with Disabilities Act

5

("ADA"). *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 561 (7th Cir. 2003). A disabled individual "need not 'speak any magic words'" to request a reasonable accommodation under the FHA or ADA. *Hunter v. WPD Mgmt.*, LLC, 476 F. Supp. 3d 731 (N.D. Ill. 2020) (Kennelly, J.) (citing *Schmidt v. Safeway Inc.*, 864 F. Supp. 991, 997 (D. Or. 1994)). Here, Evans has sufficiently alleged that (1) defendants were on notice regarding her disability, and (2) she requested to have packages delivered directly to her door long before July 12. Because plaintiff has established that she requested a reasonable accommodation sufficiently before defendants' July 13 state court action, defendants' ripeness argument fails and plaintiff's failure to accommodate claims may proceed.

II.  Hostile Housing Environment

In Counts II and IV, plaintiff alleges that defendants violated 42 U.S.C. § 3617 and comparable 775 ILCS 5/3-105.1. The relevant FHA provision states that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed… any right granted or protected by section 3603, 3604, 3605, or 3606." 42 U.S.C. § 3617. Courts have held that to state a claim under this section, a plaintiff must sufficiently allege that "(1) she is a protected individual under the FHA, (2) she was engaged in the exercise or enjoyment of her fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with the plaintiff on account of her protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate." *Bloch v. Frischholz*, 587 F.3d 771, 783 (7th Cir. 2009) "[A] showing of intentional discrimination is an essential element of a § 3617 claim." *E.-Miller v. Lake Cnty. Highway Dep't*, 421 F.3d 558, 563 (7th Cir. 2005).

Plaintiff is missing a key element of a prima facie § 3617 case: evidence of intentional discrimination. Plaintiff has not provided any facts to even allow the Court to make the inference that defendants discriminated against her because of either her disability or retaliated against her

6

because of her request for a reasonable accommodation. On the contrary, the record—provided by plaintiff—is replete with evidence that defendants took corrective action, such as initiating state court proceedings and circulating a letter to residents, because of disturbances plaintiff caused to building staff and other residents.

Still, it is conceivable that defendants' actions could be construed as tied to plaintiff's disability if plaintiff's disturbances were symptoms or manifestations of her disability. However, lacking information about plaintiff's medical diagnosis and its symptoms, the Court is unable to assess whether the disturbances that formed the basis of defendants' corrective action were related to Ms. Plaintiff's disability.[1] Counts II and IV are thus dismissed without prejudice. Plaintiff is granted leave to file an amended complaint specifying how the conduct against which defendants retaliated is tied to her medical conditions or providing other evidence of intentional discrimination on the basis of a right protected under the FHA.

III. <u>Remedies</u>

Lastly, defendants ask the Court to strike the third prayer for relief in Count I, in which plaintiff requests that the Court "[o]rder Defendants to cease and desist their actions in seeking a judicial deed to the Subject Property." Absent exceedingly narrow exceptions, federal courts may not "enjoin state court proceedings merely because those proceedings interfere with a protected federal right." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 294 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970). Plaintiff's request that the Court order defendants to cease state court proceedings is akin to a request that the Court enjoin state court proceedings. Moreover, plaintiff has provided no legal justification, either in her complaint or in her response brief, to support

---

[1] Plaintiff's complaint does not specify what her disability is, and medical details such as her medical conditions and their symptoms are redacted from the letter from plaintiff's physician affixed to the complaint. (Dkt. 51-1, at 11).

7

application of this extraordinary remedy. The Court thus strikes the third prayer for relief of Count I.

**Conclusion**

Defendants' motion to dismiss is therefore granted with respect to Counts II and IV and denied with respects to Counts I and III. Counts II and IV are dismissed without prejudice. Additionally, the Count I's third prayer for relief is stricken. Plaintiff is granted leave to file an amended complaint within 21 days; plaintiff may file any relevant medical records under seal.

IT IS SO ORDERED.

Date: 3/30/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge